IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND JOHN JORDAN #267-000
        Petitioner        :

        v.        :  CIVIL ACTION NO. RWT-11-635

WARDEN JOHN WOLFE, et al.    :
        Respondents

**MEMORANDUM OPINION**

Respondents move to dismiss Raymond John Jordan's application for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d). ECF No. 4. Jordan has responded, noting that he filed the instant application well within a year of completion of state post-conviction review. ECF No. 6. After reviewing these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the court shall dismiss the Petition with prejudice as time-barred.

**Procedural History**

On June 16, 1997, Jordan pleaded guilty in the Circuit Court for Queen Anne's County in six separate cases to one count of first-degree burglary, four counts of theft, and one count of malicious destruction of property. ECF No. 4, Exhibits 1-7. On August 13, 1997, he received an aggregate sentence of 78 years incarceration. Id. Jordan did not seek leave to appeal the convictions and sentences. Id.

Jordan jointly initiated post-conviction proceedings in all cases in the Circuit Court for Queen Anne's County on January 22, 2007. Id., Exhibits 1-7. Relief was denied on July 11, 2008. Id., Exhibit 7. Jordan's application for leave to appeal the adverse ruling was denied in an

unreported opinion filed by the Court of Special Appeals of Maryland on April 23, 2010. The mandate issued on May 24, 2010. Id., Exhibit 8.

Jordan correctly indicates that once post-conviction review was completed, he promptly filed the instant federal action. ECF No. 6 at 1-2. That diligence, however, does not defeat Respondents' argument concerning the one-year limitations period.

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d).[1] The one-year period begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1) (A). Jordan did not seek leave to appeal his guilty pleas and his convictions became final on September 12, 1997, when the time for filing for leave

---

[1]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

to appeal expired.[2] Jordan had one year from September 12, 1997 – until September 11, 1998 – in which to seek federal habeas corpus relief. That one-year deadline could be tolled while properly filed post-conviction proceedings were pending, and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Jordan did not seek post-conviction relief in the Circuit Court until January 22, 2007, nearly six and one-half years after the one-year federal limitations period already had run. He offers no explanation concerning the delay in initiating state post-conviction proceedings.[3]

In order to be entitled to equitable tolling, Jordan must establish that either some wrongful conduct by Respondents contributed to the delay in filing the post-conviction petition, or that circumstances that were beyond his control caused the delay. See Rouse v. Lee, 339 F. 3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Nothing in the record suggests that some extraordinary circumstance prevented Jordan from promptly seeking state post-conviction relief or from handing his habeas corpus petition to prison officials for mailing on September 12, 1998, the final day within the one-year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse, 339 F.3d at 246. To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Jordan has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the Court

---

[2] See Md. Code Ann., Cts & Jud. Proc. Art., § 12-302(e) (providing that appeal of guilty plea is by way of application for leave to appeal) and Md. Rule 8-204(b) (application for leave to appeal to be filed within thirty days after entry of judgment or order from which appeal is sought).

[3] Under Maryland's Uniform Post Conviction Procedure Act, state prisoners have a ten-year period in which to initiate post-conviction procedures. See Md. Code Ann., Criminal Procedure, § 7-103(b).

3

will deny and dismiss the Petition. A certificate of appealability will not issue because Jordan has not made a "substantial showing of the denial of a constitutional right."[4] A separate order follows.

Date: June 6, 2011                                                /s/
                                                        ROGER W. TITUS
                                                   UNITED STATES DISTRICT JUDGE

---

[4] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).